USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/08/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAERSK LINE A/S,

                                Plaintiff,                        **17-CV-8170 (LAK) (KHP)**

           -against-                          **OPINION AND ORDER**

QINGDAO APEX SHIPPING CO. LTD, et al.,

                                Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Third Party Defendant Balchem Corp. requests a 45-day stay of discovery (Doc. No. 71) pending an appeal in China of a judgment taken against Plaintiff Maersk Line A/S by Defendant Qingdao Apex. Plaintiff as well as Defendants Apex Maritime Co., Inc., Apex Maritime Co. (Lax) Inc. (collectively, "Apex"), and Nanjing Goldenhighway Chemicals Co. oppose Balchem's request. (Doc. Nos. 73, 74.)

      The Court has discretion to issue a stay of discovery under Federal Rule of Civil Procedure 26(c) upon a showing of good cause by the party seeking the stay. *See* Fed. R. Civ. P. 26(c); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Most decisions discussing the standard for issuance of a stay concern motions brought due to the pendency of a motion to dismiss. The parties have cited no cases discussing the appropriateness of a stay pending appeal of a judgment taken in a foreign tribunal. In this Court's view, the factors to be considered are (1) the breadth of discovery sought; (2) any

prejudice that would result; and (3) the likelihood that the foreign tribunal's decision would render moot the matters into which discovery is sought in this action. *See id.*

In light of the above standard, this Court finds that Balchem has failed to show good cause justifying a 45-day stay of discovery in this case. As an initial matter, this Court has broad discretion to manage discovery. *See Winfield v. City of New York*, No. 15-cv-5236 (LTS) (KHP), 2017 WL 5054727, at *2 (S.D.N.Y Nov. 2, 2017). With respect to the breadth of discovery sought, it appears that, beyond completing the remaining party discovery in this action, Apex seeks only to obtain documents pursuant to a subpoena served upon non-party CMA CGM (America) LLC. Balchem has not explained how it would be prejudiced by the completion of party discovery or by Apex's taking of certain non-party discovery. Rather, Balchem asserts that a temporary stay would afford the parties in this case an opportunity to engage in further settlement discussions "without further expenditure of judicial resources." (Doc. No. 71.) The Court is not persuaded. As Apex points out, the non-party discovery sought imposes no burden on Balchem "other than counsels' time reading the produced documents." (Doc. No. 73.) With regard to remaining party discovery, the Court notes that the expenditure of resources does not alone amount to prejudice. *See* Fed. R. Civ. P. 26(b)(1). A stay of discovery, on the other hand, could potentially prejudice all parties in this matter, which concerns events dating back to 2014 and 2015 and in which discovery is scheduled to close on April 16, 2019.

Finally, Balchem has provided no support for its contention that, "[s]hould Maersk lose on appeal, the referenced matter would either be moot or the damages in the matter would be significantly reduced." (Doc. No. 71.) Nor has Balchem made any showing of the likelihood that Maersk will lose on appeal. To the extent Balchem argues that a temporary stay is warranted

2

because a Maersk's appeal will be decided "within a month," the Court notes that the parties with knowledge of the litigation in China deny any knowledge as to when a decision on the appeal will be rendered.

For all of these reasons, Balchem's motion for a stay of discovery is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       February 8, 2019

_____
KATHARINE H. PARKER
United States Magistrate Judge